937 F.2d 609
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Max ROSS, et al., Plaintiffs-Appellants,
v.
Ed HINTON, Jr., et. al., Defendants-Appellees.
 No. 90-3606.
 United States Court of Appeals, Sixth Circuit.
 July 9, 1991.
 
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and FEIKENS, Senior District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff Max Ross appeals the district court's grant of summary judgment in favor of defendants in this civil rights action, brought under 42 U.S.C. Sec. 1983, alleging an illegal search and seizure in violation of the fourth and fourteenth amendments, the due process clause of the fourteenth amendment, and a violation of his right to privacy under state and federal laws. Ross also claims that his rights were violated since the defendants' acts were retaliatory in nature. For the reasons stated below, we affirm.
 
 I.
 
 2
 Ross was the Camp Manager at Camp Zaleski which was operated by the Ohio Department of Natural Resources ("ODNR") under the auspices of its Division of Civilian Conservation. Camp Zaleski is a part of the ODNR Civil Conservation Corps Program and functions to teach work habits and discipline to unemployed young people between the ages of 18 to 24.
 
 
 3
 On June 24, 1986, the Director of ODNR, Joseph J. Sommer, sent several ODNR employees to Camp Zaleski to investigate allegations of staff mistreatment, discrimination, vehicle misuse, theft of state property, and physical and mental abuse of corps members. Thereafter, Director Sommer requested that the State Highway Patrol conduct an independent investigation of the allegations.
 
 
 4
 Before an investigation could begin, further allegations were made that Ross was moving or taking files from Camp Zaleski. Defendants Ed Hinton, William Willis, and Janice Viau all ODNR employees, were placed in charge of securing the files at Camp Zaleski. Hinton telephoned Ross to tell him that he would be visiting the camp to secure the records. In a recorded conversation, Ross told Hinton, in part: "Yeah, you can come down anytime you want. Come down tonight if you want. They [the files] are available ... anybody will turn them over to you or whatever you want turned over."
 
 
 5
 On arrival to Camp Zaleski, Hinton posted a notice requiring camp officials to deliver certain documents into his personal custody. Although Ross was on medical leave when the defendants arrived, his office and desk were searched for pertinent records. The search of Ross' office, which lasted no more than thirty minutes, was conducted by all three defendants. Documents locked in the desk and file cabinets in his office were scanned to determine whether or not they were relevant to the investigation. Some papers, as well as money and other personal materials, were allegedly taken from Ross' desk and office.
 
 
 6
 A total of approximately 10 boxes of files were removed from the camp, inventoried and stored in Hinton's office in Columbus until they were eventually turned over to the Highway Patrol for an investigation.
 
 II.
 
 7
 We review a district court's grant of summary judgment under Rule 56 de novo. E.E.O.C. v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate where the non-moving party has failed to present evidence creating a triable issue of material fact and, thus, entitling the moving party to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).
 
 
 8
 Ross argues that the district court erred in finding that defendants were entitled to qualified immunity for their actions. We disagree. At the time of the alleged search, it had not been clearly established that public employees have a legitimate fourth amendment expectation of privacy or a fourteenth amendment property interest in their work office and/or desk. See Harlow v. Fitzgerald, 457 U.S. 800 (1982) (state officials are entitled to qualified immunity unless their actions violated a clearly established constitutional or statutory right of which a reasonable person would have known). We also hold that Ross' claim for retaliation, since it does not state an independent violation of federal law, does not state separate cause of action under section 1983. See Williams v. Treen, 671 F.2d 892 (5th Cir.1982), cert. denied, 459 U.S. 1126 (1983) (plaintiff must allege a violation of a federally protected right in order to set forth a prima facia case under section 1983).[1]
 
 
 9
 Finally, we agree with the district court's alternative conclusion that Ross consented to the search of his office and desk when he repeatedly told Hinton, in a taped conversation, that all the records at Camp Zaleski were available to be inspected. See INS v. Delgado, 466 U.S. 210 (1984).
 
 
 10
 For all of the foregoing reasons, the district court's grant of summary judgment in favor of defendants is AFFIRMED.
 
 
 
 *
 The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 To the extent Ross' retaliation claim restates his fourth and fourteenth amendment claims, they are dismissed for the reasons stated above